James N. Saul (OSB No. 152809)
Wild & Scenic Law Center
3519 NE 15th Ave., #207
Portland, OR 97212
(503) 342-2839
jamie@wildandsceniclaw.org

*Counsel for plaintiff Northwest Environmental Advocates*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NORTHWEST ENVIRONMENTAL ADVOCATES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendant. | Case No. ________________________<br><br>COMPLAINT<br><br>(Freedom of Information Act) |

## INTRODUCTION

1. Plaintiff Northwest Environmental Advocates ("NWEA") brings this suit for violations of the Freedom of Information Act ("FOIA") by defendant United States Environmental Protection Agency ("EPA"). As more fully set forth below, EPA has failed to timely and properly respond to four separate FOIA requests submitted by NWEA to EPA dating back to May of 2024; has failed to conduct

adequate searches for and then produce records responsive to those FOIA requests; and has improperly withheld responsive records from NWEA.

2. NWEA is an Oregon-based public interest environmental organization that frequently relies upon FOIA as a means of lawfully obtaining EPA records that are essential for its efforts to advocate for the protection of clean water and aquatic species throughout the Pacific Northwest. EPA's denial of access to its records as alleged herein impairs NWEA's ability to complete its important work.

3. Each of the four FOIA requests at issue in this case seek records relating to EPA's implementation of, or oversight of state implementation of, various regulatory water quality programs in the Pacific Northwest. These programs rely on agency decisions that respond or are required to respond to data and information about water quality in the nation's waterbodies, and which offer opportunities for public participation and advocacy that are most effective when they are informed by information contained in EPA's own records.

4. As for each of the four FOIA requests at issue in this case, EPA has not made a final determination whether to comply with the request; has made only periodic and partial productions of records while withholding an unknown quantity of others; has repeatedly extended and delayed its anticipated completion dates; and has not informed NWEA of when a final and complete production of records will be made.

5. Moreover, as shown by EPA's responses to and communications regarding the same four FOIA requests, EPA has engaged in a pattern or practice of

violating FOIA. This, in turn, has and will continue to impair NWEA's ability to lawfully obtain access to EPA records in the future.

6. EPA's delay in responding to the FOIA requests at issue here harms NWEA's ability to complete its important advocacy work. Declaratory and injunctive relief against EPA is therefore necessary to ensure the full and prompt release of all non-exempt responsive records and to redress EPA's ongoing FOIA violations.

## PARTIES

7. Plaintiff NWEA is a nonprofit charitable organization recognized as tax exempt under section 501(c)(3) of the Internal Revenue Code. NWEA's principal place of business is in Portland, Oregon. NWEA's mission is to work through advocacy and education to protect and restore water and air quality, wetlands, and wildlife habitat in the Northwest. NWEA employs advocacy with administrative agencies, community organizing, strategic partnerships, public record requests (including FOIA requests), information sharing, lobbying, education, expert analysis, and litigation to ensure better implementation of the laws that protect and restore the natural environment. NWEA has participated in the development of water quality programs to control both point and nonpoint sources of water pollution in Oregon, Washington, Idaho, and the nation, for many years.

8. The records sought by the four FOIA requests at issue in this case concern a range of EPA responsibilities under the Clean Water Act, the Endangered Species Act, and the Coastal Zone Act Reauthorization Amendments of 1990, and—

once produced by EPA—the records will allow NWEA, its members, partners, and the public to assess EPA's compliance with those federal environmental statues and related regulatory programs intended to protect water quality and aquatic species. Additionally, the informative value of the information sought by the FOIA requests will inform NWEA's advocacy efforts that seek to reduce water pollution to protect human health and the environment.

9. The first FOIA request, pertaining to Idaho's water quality standards for toxic contaminants, involves a petition submitted to EPA in 2023 upon which the agency has not acted. Depending upon the records released through FOIA, NWEA may or may not choose to bring suit, pursuant to the APA, against EPA for failing to respond in a timely way.

10. The second request, pertaining to modeling toxic water pollution in Puget Sound, relates to NWEA's years-long advocacy and litigation to clean up Puget Sound through Clean Water Act discharge permits, nonpoint source pollution controls, and the development of total maximum daily loads pursuant to Clean Water Act section 303(d). Records released in response to this FOIA request will be used by NWEA to determine appropriate next steps in seeking EPA regulatory actions to control toxics.

11. The third request, pertaining to two discharge permits being developed by EPA for facilities in Washington, relates to NWEA's longstanding effort to ensure all such permits contain appropriately stringent limits on water pollution. EPA's failure to timely and fully release the requested records has already

prejudiced NWEA because EPA sought public comment on its draft permit for one of the facilities—the Joint Base Lewis McChord–Solo Point sewage treatment plant—in February 2026, approximately 15 months after NWEA submitted its FOIA request. NWEA was hampered in preparing its comments by EPA's failure to provide the requested records. The permit for the other facility covered by the third FOIA request—the City of Puyallup's wastewater treatment plant—expired on November 30, 2019; EPA could issue a draft permit for public comment at any time, putting NWEA in the same position.

12. The fourth request, pertaining to EPA's oversight of the State of Washington's Coastal Nonpoint Pollution Control Program, relates to NWEA's advocacy for improved water quality and the protection of aquatic species, in particular in coastal watersheds and marine waters. EPA's failure to respond to NWEA's fourth FOIA request adversely affects NWEA's decision-making in response to EPA's decision to approve a program that it had previously found wholly ineffective in protecting salmon and salmon habitat in coastal watersheds.

13. Defendant U.S. Environmental Protection is the federal agency that, among other things, oversees implementation and enforcement of the federal Clean Water Act and co-administers the Coastal Zone Act Reauthorization Amendments of 1990. EPA is organized into "regions," with EPA Region 10 serving Alaska, Idaho, Oregon, Washington, and 271 Tribal Nations in the Pacific Northwest.

## JURISDICTION AND VENUE

14. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA) and 28 U.S.C. § 1331 (federal question jurisdiction).

15. Venue lies in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), and divisional venue lies in the Portland Division pursuant to Local Rule 3-2(a)(1), because NWEA has its principal place of business in Portland, Multnomah County, Oregon, which lies within this judicial district and division.

16. To the extent required by law, NWEA has exhausted its administrative remedies, including via constructive exhaustion as permitted by FOIA.

17. Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202. Declaratory relief is appropriate under 28 U.S.C. § 2201.

## LEGAL BACKGROUND

### A. The Freedom of Information Act

18. The purpose of FOIA is to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).

19. When a proper request for public records is submitted to a federal agency, FOIA requires that agency to, among other things, "make reasonable efforts to search for" and "make . . . promptly available" agency records that are requested by any person, including electronic records. 5 U.S.C. §§ 552(a)(3)(A)–(C),(f)(2).

20. An agency must "determine within 20 days" after the receipt of any public records request "whether to comply" with a FOIA request and must notify the requestor of its determination and the reasons therefore, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id*. § 552(a)(6)(A)(i).

21. An agency may extend the time to make a final determination by no more than 10 additional working days in "unusual circumstances," but it must provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id*. § 552(a)(6)(B)(i). If the agency provides written notice that the request cannot be processed within the specified time limit, the agency must provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request[.]" *Id*. § 552(a)(6)(B)(ii).

22. One "unusual circumstance" that would permit an agency to extend the time to make a final determination on a FOIA request by no more than 10 additional working days is "the need for consultation . . . with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." *Id*. § 552(a)(6)(B)(iii)(III). That consultation cannot drag on indefinitely, but must "be conducted with all practicable speed[.]" *Id*.

23. FOIA does not allow agencies to delay making a final determination whether to comply with a FOIA request by more than 10 days. However, if the agency is "can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request," if an unlawful delay persists during the litigation "the court may retain jurisdiction and allow the agency additional time to complete its review of the records." *Id*. § 552(a)(6)(C)(i). An exceptional circumstance does *not* include "a delay that results from a predictable agency workload of requests . . . unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." *Id*. § 552(a)(6)(C)(ii).

24. Ordinarily, a FOIA requestor must exhaust its administrative remedies before filing suit. However, if an agency "fails to comply with the applicable time limit provisions" of the statute, the requester "shall be deemed to have exhausted his administrative remedies with respect to such request." *Id*. § 552(a)(6)(C)(i).

25. An interim or incomplete response to a FOIA request, even one that includes an interim production of responsive records, is not the same as a "determination" under 5 U.S.C. § 552(a)(6)(A)(i). To make a "determination" sufficient to trigger FOIA's administrative exhaustion requirement,

> the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the "determination" is adverse.

*Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013) ("*CREW*").

26. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. 5 U.S.C. § 552(a)(3)(C)-(D).

27. FOIA requires federal agencies to promptly disclose requested records. *Id*. § 552(a)(3)(A), (a)(6)(C)(i).

28. In certain limited circumstances, records may be withheld pursuant to nine specific exemptions. *Id*. § 552(b). In light of FOIA's overriding policy of disclosure, these exemptions must be narrowly construed.

29. FOIA places the burden on the agency to prove that it may lawfully withhold responsive records from a requester. *Id*. § 552(a)(4)(B).

30. FOIA provides district courts with jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id*. § 552(a)(4)(B).

31. FOIA authorizes courts to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E).

**B. EPA's Regulations Implementing FOIA**

32. EPA regulations require FOIA requests to be submitted in one of four ways, including through EPA's FOIA submission website at www.epa.gov/foia. 40 C.F.R. § 2.101(a).

33. EPA regulations state that "[r]equesters must reasonably describe the records sought in sufficient detail to enable a professional employee of the Agency who is familiar with the subject area of the request to locate the records with a reasonable amount of effort." 40 C.F.R. § 2.102(b).

34. Like FOIA itself, EPA regulations provide that if "EPA fails to respond to the request within the statutory time-period, or any authorized extension of time, the requester may seek judicial review to obtain the records without first making an administrative appeal." 40 C.F.R. § 2.104(b).

35. Like FOIA itself, EPA regulations do not allow for indefinite delays in responding to a request, or for the indefinite tolling of applicable deadlines except when "necessary to resolve fee issues." EPA "may toll the processing time-period" only "one time while seeking clarification from the requester[.]" 40 C.F.R. § 2.104(e).

36. EPA regulations provide for administrative appeals only of "adverse determinations." 40 C.F.R. § 2.108(a), (f). An "adverse determination" is a determination made in writing: (1) that the requested record is exempt from disclosure, in whole or in part; (2) that the information requested is not a record subject to the FOIA; (3) that the requested record does not exist or cannot be located; (4) that the requested record is not readily reproducible in the form or format sought by the requester; (5) regarding any disputed fee matter, including a denial of a request for a fee waiver; or (6) denying a request for expedited processing. *Id.* § 2.100(i)(1)–(6).

37. Adverse determinations by EPA must be in the form of a letter that sets forth essential information about the determination such as the "name and title or position of the person responsible for the determination;" the "reasons for the denial," an identification of the records being withheld and the basis for such withholdings, and an "estimate of the volume of records or information withheld" by EPA. 40 C.F.R. § 2.104(j)(1)–(3).

## FACTUAL BACKGROUND

### A. NWEA's First FOIA Request to EPA (Request No. 2024-EPA-04140)

38. On May 10, 2024, NWEA submitted a FOIA request to EPA seeking records relating to EPA's review and consideration of NWEA's June 1, 2023 Petition for Rulemaking to Implement Reasonable and Prudent Alternatives in Biological Opinions from the U.S. Fish and Wildlife Service and National Marine Fisheries Service for Toxic Water Quality Criteria in Idaho Water Quality Standards (the "First FOIA Request"). The First FOIA Request was in the form of a letter addressed to EPA's National Freedom of Information Office submitted via EPA's online FOIA portal (www.epa.gov/foia).

39. Records sought by the First FOIA Request are crucial for NWEA's advocacy efforts in Idaho. Two Biological Opinions issued under the Endangered Species Act by the National Marine Fisheries Service ("NMFS") and the U.S. Fish and Wildlife Service ("FWS"), in 2014 and 2015 respectively, determined that EPA's approval of Idaho water quality standards for toxic contaminants jeopardize threatened and endangered species in Idaho waters. To remedy these jeopardy

findings, NMFS and FWS included mandatory reasonable and prudent alternatives in the Biological Opinions that represent the culmination of the consultation process, which involved EPA's promulgating more protective water quality standards. When EPA failed to implement these mandatory actions by the dates established by NMFS and FWS, NWEA petitioned the agency pursuant to the Administrative Procedure Act ("APA") seeking EPA action. The FOIA request seeks records relating to EPA's response to the petition, which are needed to inform NWEA's next steps regarding the unanswered petition.

40. On May 10, 2024, EPA sent an email to NWEA confirming receipt of the First FOIA Request and assigning it a request number of 2024-EPA-04140.

41. On May 13, 2024, EPA sent NWEA a letter acknowledging receipt of the First FOIA Request; stating that the request had been "assigned for processing" and that NWEA could contact EPA Region 10's FOIA Program, EPA's FOIA Public Liaison, or EPA's Office of Government Information Services ("OGIS") for assistance with the First FOIA Request.

42. By letter dated May 15, 2024, EPA granted NWEA's request for a fee waiver for the First FOIA Request.

43. On June 11, 2024, EPA made its first interim production and response to the First FOIA Request, producing just one record. EPA informed NWEA in that letter that it was "continuing to process the remainder of" the First FOIA Request "as expeditiously as possible." EPA also cited its "unusual circumstances" regulation at 40 C.F.R. § 2.104(f), asserting that:

> given the scope of the request, the response requires a significant amount of the EPA's resources and time to search for, and appropriately examine voluminous records; to search for and collect the requested records from multiple EPA offices that are separate from the office processing the request; to consult with another agency having a substantial interest in the determination of the request; and to consult, among two or more components of the Agency having substantial subject-matter interest therein.

EPA informed NWEA in the June 11, 2024 letter that it estimated that it would be able to "complete the response to this request by March 6, 2025" and expected to provide a further interim response interim response "on or about September 12, 2024."

44. On September 23, 2024, EPA made its second interim production and response to the First FOIA Request, releasing an additional 46 records. EPA cited again to its "unusual circumstances" regulation at 40 C.F.R. § 2.104(f) and restated the boilerplate reasoning for the delay that the agency had stated on the June 11, 2024 interim response. EPA concluded by extending its estimated completion date by seven months to October 17, 2025 and stating that it expected to provide a further interim response to the First FOIA Request "on or about November 21, 2024."

45. On November 25, 2024, EPA made its third interim production and response to the First FOIA Request, releasing an additional 13 records. EPA cited once again to its "unusual circumstances" regulation at 40 C.F.R. § 2.104(f) and restated the boilerplate reasoning for the delay that the agency had stated on the June 11, 2024 and its September 23, 2024 interim responses. EPA retained its estimated completion date of October 17, 2025, and stated that it expected to

provide a further interim response to the First FOIA Request "on or about March 25, 2025."

46. EPA did not provide a further interim response to the First FOIA Request at any time between November 26, 2024 and October 21, 2025.

47. On October 22, 2025, EPA made its fourth interim production and response to the First FOIA Request, releasing an additional 15 records. EPA cited yet again to its "unusual circumstances" regulation at 40 C.F.R. § 2.104(f) and restated the boilerplate reasoning for the delay that the agency had stated on the June 11, 2024, September 23, 2024, and November 25, 2024 interim responses. EPA concluded by extending its estimated completion date for the First FOIA Request by another nine months to July 15, 2026, and stated that it expected to provide its next interim response "on or about February 25, 2026."

48. On November 17, 2025, EPA made is fifth interim production of records responsive to the First FOIA Request, releasing additional 15 records, but did not otherwise provide an additional interim response to it or change its estimated completion date.

49. On July 15, 2026, EPA made its sixth interim production of records responsive to the First FOIA Request—releasing an additional 24 records—and made its fifth interim response to that request by letter to NWEA. EPA once again to its "unusual circumstances" regulation at 40 C.F.R. § 2.104(f) and restated the boilerplate reasoning for the delay that the agency had stated on the June 11, 2024, September 23, 2024, November 25, 2024, and October 22, 2025 interim responses.

EPA concluded by extending its estimated completion date for the First FOIA Request by another seven months to February 11, 2027, and stated that it expected to provide its next interim response "on or about October 13, 2026."

50. As of the date of this complaint, there have been no further interim responses to, or interim releases of records responsive to, the First FOIA Request.

51. As of the date of this complaint, EPA has not made or notified NWEA in writing of any "adverse determination" regarding the First FOIA Request within the meaning of 40 C.F.R. § 2.108(a) and (f).

52. At no time since receiving the First FOIA Request has EPA conveyed to NWEA in writing its final determination whether to comply with the First FOIA Request.

53. Even if EPA has gathered and reviewed all of the records responsive to the First FOIA Request, it has not determined and communicated to NWEA the scope of the documents it intends to produce and withhold and the reasons for withholding any documents, nor has it informed NWEA that it can appeal whatever portion of the "determination" is adverse.

54. Based upon information and belief, EPA possesses records responsive to the First FOIA Request that have not been produced to NWEA.

55. Based upon information and belief, EPA has failed to conduct an adequate search for records responsive to the First FOIA Request.

56. Based upon information and belief, EPA has improperly withheld and failed to produce records responsive to the First FOIA Request for reasons beyond those permitted by FOIA's exemptions.

**B. NWEA's Second FOIA Request to EPA (Request No. 2024-EPA-04143)**

57. On May 10, 2024, NWEA submitted a FOIA request to the FOIA Officer for EPA Region 10 seeking records relating to EPA's contract with the Pacific Northwest National Laboratory ("PNNL") to develop various models for and pertaining to the Salish Sea, a coastal body of water in Washington and Canada that includes Puget Sound (the "Second FOIA Request"). The Second FOIA Request was made via a letter addressed to the FOIA Officer for EPA Region 10, and was submitted using EPA's online FOIA submission portal (www.epa.gov/foia).

58. Records sought by the Second FOIA Request are necessary to inform NWEA's years-long advocacy and litigation to clean up Puget Sound through NPDES permitting actions, nonpoint source controls, and the development of total maximum daily loads pursuant to Clean Water Act section 303(d). The Second FOIA Request pertains to EPA's 2019 contract with the U.S. Department of Energy's Pacific Northwest National Laboratory ("PNNL") to use a water quality model called the "Salish Sea Model" to evaluate the fate and transport of toxic contaminants, polychlorinated biphenyls ("PCBs"), and microplastics released into Puget Sound. Modeling results could be used by EPA and/or the State of Washington pursuant to the Clean Water Act and other authorities to control toxic pollution affecting aquatic species and human health in Puget Sound. Records

released in response to this request would be used by NWEA to determine appropriate next steps in seeking EPA regulatory actions to control toxic pollution, including actions to protect Southern Resident killer whales which are harmed by PCB pollution in Puget Sound.

59. On May 10, 2024, EPA's National FOIA Office acknowledged receipt of the Second FOIA Request and assigned it a tracking number of 2024-EPA-04143.

60. On May 13, 2024, EPA's National FOIA Office sent NWEA a letter notifying NWEA that the Second FOIA Request had been "assigned for processing" and informing NWEA that it could obtain assistance from either EPA's FOIA Public Liaison or from EPA's Office of Government Information Services ("OGIS").

61. On May 15, 2024, EPA's National FOIA Office informed NWEA by letter that NWEA's requested fee waiver for the Second FOIA Request had been granted.

62. On June 11, 2024, EPA made its first interim production—consisting of two records—in response to the Second FOIA Request, and informed NWEA by letter that it was "continuing to process the remainder of" the Second FOIA Request "as expeditiously as possible." EPA also invoked the "unusual circumstances" provision of its FOIA regulation at 40 C.F.R. § 2.104(f), asserting among other reasons that it needed additional time "to consult with another agency having a substantial interest in the determination of the request" and to consult "among two or more components of the Agency having substantial subject-matter interest therein." EPA informed NWEA that it expected to provide another interim response

"on or about August 29, 2024" and provided an estimated completion date of February 13, 2025.

63. Between September 26, 2024 and November 20, 2024, NWEA and EPA conferred several times by telephone and by email regarding the Second FOIA Request. Among other things, EPA informed NWEA on November 20, 2024 that there were "a total of 77 records" remaining that EPA had identified as responsive to the Second FOIA Request; that each of them had been sent to the U.S. Department of Energy ("DOE") and PNNL for consultation; and that EPA "may be able to issue a response to" the Second FOIA Request "but it will depend on how quickly DOE/PNNL completes the consultation."

64. On January 15, 2025, EPA made its second interim production—consisting of an additional eight records—responsive to the Second FOIA Request, and informed NWEA by letter that it continued to process the Request. In that same letter, EPA again invoked its "unusual circumstances" regulation at 40 C.F.R. § 2.104(f); moved its estimated completion date back five months to July 17, 2025; and informed NWEA that it expected to provide another interim response to the Second FOIA Request "on or about April 9, 2025."

65. On July 16, 2025, EPA made its third interim production—consisting of 16 records—responsive to the Second FOIA Request, and informed NWEA by letter that it "continues to work on" the Request. In that same letter, EPA again invoked its "unusual circumstances" regulation at 40 C.F.R. § 2.104(f); moved its estimated completion date back by more than a year to July 21, 2026; and informed

NWEA that it expected to provide another interim response to the Second FOIA Request "on or about November 4, 2025."

66. On May 1, 2026, EPA made its fourth interim production to the Second FOIA Request; this interim production consisted of 34 records, all of which were duplicates of records previously released by EPA.

67. On July 20, 2026, EPA informed NWEA by email that the remaining records responsive to the Second FOIA Request were still "subject to consultation with DOE and PNNL" and that "PNNL claimed much of the information as confidential business information." In that same email, EPA moved its estimated completion date back again by more than a year to August 19, 2027.

68. As of the date of this complaint, there have been no further interim responses to, or interim releases of records responsive to, the Second FOIA Request.

69. As of the date of this complaint, EPA has not made or notified NWEA in writing of any "adverse determination" regarding the Second FOIA Request within the meaning of 40 C.F.R. § 2.108(a) and (f).

70. At no time since receiving the Second FOIA Request has EPA conveyed to NWEA in writing its final determination whether to comply with the Second FOIA Request.

71. Even if EPA has gathered and reviewed all of the records responsive to the Second FOIA Request, it has not determined and communicated to NWEA the scope of the documents it intends to produce and withhold and the reasons for

withholding any documents, nor has it informed NWEA that it can appeal whatever portion of the "determination" is adverse.

72. Based upon information and belief, EPA possesses records responsive to the Second FOIA Request that have not been produced to NWEA.

73. Based upon information and belief, EPA has failed to conduct an adequate search for records responsive to the Second FOIA Request.

74. Based upon information and belief, EPA has improperly withheld and failed to produce records responsive to the Second FOIA Request for reasons beyond those permitted by FOIA's exemptions.

**C. NWEA's Third FOIA Request to EPA (Request No. 2025-EPA-00934)**

75. On October 30, 2024, NWEA submitted a FOIA request to EPA seeking records relating to EPA's issuance of Clean Water Act NPDES water pollution discharge permits for the City of Puyallup WWTP and Fort Lewis–Solo Point WWTP, both in the State of Washington (the "Third FOIA Request"). The Third FOIA Request was in the form of a letter addressed to EPA's National Freedom of Information Office submitted via EPA's online FOIA portal (www.epa.gov/foia).

76. Records requested pursuant to the Third FOIA Request will be used by NWEA to inform its advocacy for more protective discharge limits for polluting facilities in Puget Sound. Because of the numerous ESA-listed threatened and endangered species in Puget Sound, EPA must consult, pursuant to ESA section 7, on the issuance of these permits with the expert fish and wildlife agencies on its actions. The FOIA request seeks records pertaining to those ESA consultations, the

receipt of new application materials, and the development of new NPDES permits for the two facilities.

77. EPA's failure to timely and fully release the requested records has already prejudiced NWEA because EPA sought public comment on its draft permit for the Joint Base Lewis McChord–Solo Point sewage treatment plant in February 2026, approximately 15 months after NWEA submitted its Third FOIA Request. NWEA was hampered in preparing its comments by EPA's failure to provide the requested records. The City of Puyallup's discharge permit expired on November 30, 2019; EPA could put a draft permit out for public comment at any time, placing NWEA in the same position. NWEA has used responses to previous FOIA requests made to NMFS and FWS for records pertaining to the Joint Base Lewis McChord–Solo Point NPDES permit in its advocacy for Puget Sound water quality and in its public comments submitted in February 2026.

78. On October 31, 2024, EPA sent an email to NWEA confirming receipt of the Third FOIA Request and assigning it a request number of 2025-EPA-00934.

79. Also on October 31, 2024, EPA sent NWEA a letter acknowledging receipt of the Third FOIA Request; stating that the request had been "assigned for processing" and that NWEA could contact EPA Region 10's FOIA Program, EPA's FOIA Public Liaison, or EPA's Office of Government Information Services for assistance with the Third FOIA Request.

80. By letter dated November 4, 2024, EPA granted NWEA's request for a fee waiver for the Third FOIA Request.

81. On December 2, 2024, EPA made its first interim production and response to the Third FOIA Request, producing just six records. EPA informed NWEA in that letter that it was "continuing to process the remainder of" the Third FOIA Request "as expeditiously as possible." EPA also cited its "unusual circumstances" regulation at 40 C.F.R. § 2.104(f), asserting that:

> given the scope of the request, the response requires a significant amount of the EPA's resources and time to search for, and appropriately examine voluminous records; and to consult with another agency having a substantial interest in the determination of the request.

EPA informed NWEA in the December 2, 2024 letter that it estimated that it would be able to "complete the response to this request by November 6, 2025" and expected to provide a further interim response interim response "on or about March 27, 2025."

82. EPA did not provide a further interim response to the Third FOIA Request at any time between December 3, 2024 and October 9, 2025.

83. On October 10, 2025, EPA made its second interim production and response to the Third FOIA Request, releasing an additional 20 records. EPA cited again to its "unusual circumstances" regulation at 40 C.F.R. § 2.104(f) and restated substantially the same boilerplate reasoning for the delay that the agency had stated in its December 2, 2024 interim response. EPA then concluded by extending its estimated completion date by six months to May 14, 2026 and stating that it expected to provide a further interim response to the Third FOIA Request "on or about February 5, 2026."

84. On May 7, 2026, EPA made its third interim response to the Third FOIA Request, but did not release any additional records at that time. EPA cited once again to its "unusual circumstances" regulation at 40 C.F.R. § 2.104(f) and restated substantially the same boilerplate reasoning for the delay that the agency had stated in its December 2, 2024 and its October 10, 2025 interim responses. EPA concluded by extending its estimated completion date by another seven months to December 9, 2026, but did not provide an anticipated date for its next interim response and production of records.

85. On May 10, 2026, NWEA sent EPA an email message inquiring about the status of the Third FOIA Request and seeking to confirm that EPA's May 7, 2026 interim response did not contain any responsive records.

86. On May 21, 2026, EPA replied to NWEA by email, confirming that the agency does "not yet have additional records ready to release" and stating that the remaining records were "out for consultation with other agencies."

87. As of the date of this complaint, there have been no further interim responses to, or interim releases of records responsive to, the Third FOIA Request.

88. As of the date of this complaint, EPA has not made or notified NWEA in writing of any "adverse determination" regarding the Third FOIA Request within the meaning of 40 C.F.R. § 2.108(a) and (f).

89. At no time since receiving the Third FOIA Request has EPA conveyed to NWEA in writing its final determination whether to comply with the Third FOIA Request.

90. Even if EPA has gathered and reviewed all of the records responsive to the Third FOIA Request, it has not determined and communicated to NWEA the scope of the documents it intends to produce and withhold and the reasons for withholding any documents, nor has it informed NWEA that it can appeal whatever portion of the "determination" is adverse.

91. Based upon information and belief, EPA possesses records responsive to the First FOIA Request that have not been produced to NWEA.

92. Based upon information and belief, EPA has failed to conduct an adequate search for records responsive to the Third FOIA Request.

93. Based upon information and belief, EPA has improperly withheld and failed to produce records responsive to the Third FOIA Request for reasons beyond those permitted by FOIA's exemptions.

**D. NWEA's Fourth FOIA Request to EPA (Request No. 2025-EPA-04428)**

94. On March 10, 2025, NWEA submitted a FOIA request to EPA seeking "all documents prepared or utilized by, in the possession of, or routed through the EPA after July 21, 2008, related to . . . [t]he State of Washington's Coastal Nonpoint Pollution Control Program" pursuant to the Coastal Zone Act Reauthorization Amendments of 1990, 16 U.S.C. § 1544b (the "Fourth FOIA Request"). The Fourth FOIA Request was in the form of a letter (inadvertently dated March 11, 2025) addressed to EPA's National Freedom of Information Office submitted via EPA's online FOIA portal (www.epa.gov/foia).

95. Documents sought by NWEA's Fourth FOIA Request are important for NWEA's nonpoint source pollution advocacy efforts in Washington. The Coastal Zone Act Reauthorization Amendments of 1990 requires the National Oceanic and Atmospheric Administration ("NOAA") and EPA to approve or disapprove states' coastal nonpoint pollution control programs. Following NWEA's attempt through litigation to obtain such action, in 2024 EPA and NOAA approved Washington's program that purportedly controls nonpoint source pollution in its coastal waters and watersheds. Unregulated or underregulated nonpoint source pollution is a major contributor to coastal water quality impairments such as temperature, dissolved oxygen, pesticides, sediment, and bacteria.

96. The Fourth FOIA Request seeks records pertaining to both EPA and NOAA's earlier decision, in 2013, to not approve Washington's program because the state is not adequately protecting salmon and salmon habitat, a key concern raised by Puget Sound treaty tribes, and the agencies subsequent decision to approve it. EPA's failure to respond to NWEA's fourth FOIA request adversely affects NWEA's decision-making in response to EPA's decision to approve a program that it had previously found wholly ineffective in protecting salmon and salmon habitat in coastal watersheds.

97. NWEA's Fourth FOIA Request is substantially identical to one it sent to NOAA on March 9, 2025. NOAA informed NWEA on April 10, 2025, that "release of most documents will need to be coordinated with [EPA]." NOAA reiterated this

asserted need for inter-agency coordination in letters to NWEA dated April 17, 2025; September 4, 2025; and December 4, 2025.

98. On March 10, 2025, EPA sent an email to NWEA confirming receipt of the Fourth FOIA Request and assigning it a request number of 2025-EPA-04428.

99. On March 12, 2025, EPA sent NWEA a letter acknowledging receipt of the Fourth FOIA Request; stating that the request had been "assigned for processing" and that NWEA could contact EPA Region 10's FOIA Program, EPA's FOIA Public Liaison, or EPA's Office of Government Information Services for assistance with the Fourth FOIA Request.

100. On March 18, 2025, EPA sent NWEA an email asserting that the Fourth FOIA Request "does not reasonably describe a set of records with any degree of specificity" and that it "fails to provide sufficient detail to enable a professional employee familiar with the subject matter to locate responsive records with a reasonable amount of effort." EPA stated that could not process the Fourth FOIA Request at that time, but provided NWEA "with an opportunity to discuss or modify [the] request to meet the requirements of 40 C.F.R. § 2.102(b)."

101. By letter dated April 16, 2025, EPA granted NWEA's request for a fee waiver for the Fourth FOIA Request.

102. On April 16, 2025, NWEA sent a letter to EPA providing additional specificity regarding the records sought by the Fourth FOIA Request. That letter proposed a list of search terms for EPA to use in its search for responsive records, and also stated that NWEA "could agree to limit the request to specific custodians if

EPA were to provide us with the key personnel responsible for the work during the time period covered by the request."

103. On April 16, 2026, NOAA informed NWEA as follows in regards to the substantially identical request sent to that agency: "In a January 20, 2026, response to the U.S. Environmental Protection Agency (EPA), you accepted the search terms. Consistent with EPA, NOAA will use the agreed upon search terms noted above to identify responsive records for this request moving forward."

104. EPA did not respond to NWEA's April 16, 2025 letter for nearly eight months. Then, on December 5, 2025, EPA sent NWEA an email asserting that NWEA's letter dated April 16, 2025 still did not reasonably describe the records sought by the Fourth FOIA Request; agreeing to provide NWEA with "the names of key custodians"; and stating that for EPA to respond to the request "other elements of [it] . . . would also need to be adjusted" possibly including "a more limited time period." EPA also proposed a list of six custodians as well as a single search term to guide its search for responsive records: (("WA" OR "Washington") NEAR(3) ("CZARA" OR "coastal nonpoint" OR "coastal non point" OR "CNP")).

105. On January 20, 2026, NWEA responded to EPA by email, agreeing to EPA's search term and custodians as proposed in its December 5, 2025 email and asking EPA to add the acronym "CNPCP" as an additional search term.

106. As of the date of this complaint, there have been no interim responses to, or interim releases of records responsive to, the Fourth FOIA Request.

107. As of the date of this complaint, EPA has not communicated with NWEA since January 20, 2026 regarding whether it has conducted a search for records responsive to the Fourth FOIA Request using its own list of custodians and search terms as proposed to NWEA on April 16, 2025.

108. As of the date of this complaint, EPA has not made or notified NWEA in writing of any "adverse determination" regarding the Fourth FOIA Request within the meaning of 40 C.F.R. § 2.108(a) and (f).

109. At no time since receiving the Fourth FOIA Request has EPA conveyed to NWEA in writing its final determination whether to comply with the Fourth FOIA Request.

110. Even if EPA has gathered and reviewed all of the records responsive to the Fourth FOIA Request, it has not determined and communicated to NWEA the scope of the documents it intends to produce and withhold and the reasons for withholding any documents, nor has it informed NWEA that it can appeal whatever portion of the "determination" is adverse.

111. Based upon information and belief, EPA possesses records responsive to the Fourth FOIA Request that have not been produced to NWEA.

112. Based upon information and belief, EPA has failed to conduct an adequate search for records responsive to the Fourth FOIA Request.

113. Based upon information and belief, EPA has improperly withheld and failed to produce records responsive to the Fourth FOIA Request for reasons beyond those permitted by FOIA's exemptions.

## CLAIMS PERTAINING TO THE FIRST FOIA REQUEST

### <u>First Claim for Relief</u>

### Violation of the Freedom of Information Act: Failure to Make a Determination of Whether to Respond to the First FOIA Request

114. NWEA realleges and incorporates herein each of the preceding paragraphs as if set forth in full.

115. The First FOIA Request reasonably described the records sought by NWEA and complied with all applicable rules regarding the procedures to be followed in making such requests. 5 U.S.C. § 552(a)(3)(A).

116. None of EPA's prior communications with NWEA regarding the First FOIA Request constitutes a valid "determination" whether to comply with that request within the meaning of 5 U.S.C. § 552(a)(6)(A) and *CREW*, 711 F.3d 180 (D.C. Cir. 2013).

117. EPA violated FOIA by failing to make a timely determination whether to comply with NWEA's First FOIA Request. 5 U.S.C. § 552(a)(6)(A).

118. Because EPA did not make a timely determination whether to comply with NWEA's First FOIA Request, NWEA was not required to exhaust any administrative remedies prior to pursuing its claims against EPA under FOIA, or has constructively exhausted its administrative remedies.

119. Alternatively, no administrative remedy is available to NWEA because EPA only allows administrative appeals of "adverse determinations" regarding

FOIA requests, and EPA has not made an adverse determination with respect to the First FOIA Request.

120. Injunctive and declaratory relief is authorized and appropriate under 5 U.S.C. § 552(a)(4)(B) and 22 U.S.C. § 2201 because EPA's continued failure to make a determination regarding the First FOIA Request causes injury to NWEA by denying and delaying its lawful access to responsive records. NWEA will continue to suffer injury unless and until EPA makes a determination regarding the First FOIA Request.

## Second Claim for Relief

### Violation of the Freedom of Information Act: Failure to Conduct Adequate Searches for Records Responsive to the First FOIA Request

121. NWEA realleges and incorporates herein each of the preceding paragraphs as if set forth in full.

122. The First FOIA Request reasonably described the records sought by NWEA and complied with all applicable rules regarding the procedures to be followed in making such requests. 5 U.S.C. § 552(a)(3)(A).

123. EPA has violated FOIA by failing to make reasonable efforts to search for electronic records responsive to the First FOIA Request or otherwise undertake a search that is reasonably calculated to locate all records that are responsive to the First FOIA Request. 5 U.S.C. § 552(a)(3)(C).

124. NWEA is not required to exhaust any administrative remedies prior to bringing this claim or, alternatively, has constructively exhausted its administrative remedies.

125. Injunctive and declaratory relief is authorized and appropriate under 5 U.S.C. § 552(a)(4)(B) and 22 U.S.C. § 2201 because EPA's continued failure to search for responsive records causes injury to NWEA by denying it lawful access to those responsive records. NWEA will continue to suffer injury unless and until EPA undertakes a reasonable search for records as FOIA requires.

## <u>Third Claim for Relief</u>

### Violation of the Freedom of Information Act: Failure to Promptly Disclose Records Responsive to the First FOIA Request

126. NWEA realleges and incorporates herein each of the preceding paragraphs as if set forth in full.

127. The First FOIA Request reasonably described the records sought by NWEA and complied with all applicable rules regarding the procedures to be followed in making such requests. 5 U.S.C. § 552(a)(3)(A).

128. EPA violated FOIA by failing to promptly release records in response to NWEA's First FOIA Request, which reasonably described the records sought as detailed above. 5 U.S.C. § 552(a)(3)(A).

129. None of FOIA's statutory exemptions to disclosure apply to the records sought by NWEA in the First FOIA Request.

130. NWEA is not required to exhaust any administrative remedies prior to bringing this claim or, alternatively, has constructively exhausted its administrative remedies.

131. Injunctive and declaratory relief is authorized and appropriate under 5 U.S.C. § 552(a)(4)(B) and 22 U.S.C. § 2201 because EPA's continued failure to search for responsive records causes injury to NWEA by denying it lawful access to those responsive records. NWEA will continue to suffer injury unless and until EPA undertakes a reasonable search for records as FOIA requires.

## Fourth Claim for Relief

### Violation of the Freedom of Information Act: Failure to Complete Inter- or Intra-agency Consultation "with all practicable speed" regarding the First FOIA Request

132. NWEA realleges and incorporates herein each of the preceding paragraphs as if set forth in full.

133. FOIA permits an agency to delay responding to a FOIA request by no more than 10 additional working days if, *inter alia*, it has a "need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii)(III).

134. EPA asserted a need to "to consult with another agency having a substantial interest in the determination of the request" and to "consult among two or more components of the Agency having substantial subject-matter interest

therein" the First FOIA Request—without specifying the other agency—on multiple occasions, including on June 11, 2024; September 23, 2024; November 25, 2024; October 2, 2025; October 22, 2025; and July 15, 2026.

135. EPA has now been in receipt of the First FOIA Request for over 28 months, and EPA's inter-agency consultation with an unspecified other agency has been ongoing for at least 27 months.

136. EPA has failed to complete its inter-agency consultation with the unspecified other agency regarding the First FOIA Request "with all practicable speed" as FOIA requires. 5 U.S.C. § 552(a)(6)(B)(iii)(III).

137. NWEA is not required to exhaust any administrative remedies prior to bringing this claim or, alternatively, has constructively exhausted its administrative remedies.

138. Injunctive and declaratory relief is authorized and appropriate under 5 U.S.C. § 552(a)(4)(B) and 22 U.S.C. § 2201 because EPA's ongoing failure to complete its inter- and intra-agency consultations regarding the First FOIA Request "with all practicable speed" has deprived NWEA of its lawful right of access to records responsive to the First FOIA Request. NWEA will continue to suffer injury unless and until EPA promptly discloses those responsive records as FOIA requires.

## Fifth Claim for Relief

### Violation of the Freedom of Information Act: Unlawfully Withholding Agency Records Responsive to the First FOIA Request that are Not Subject to a FOIA Exemption and/or Disclosure of Which Would Not Cause Foreseeable Harm

139. NWEA realleges and incorporates herein each of the preceding paragraphs as if set forth in full.

140. NWEA has a statutory right to the records it seeks via the First FOIA Request, and there is no legal basis for EPA to assert that any of FOIA's nine disclosure exemptions apply to the records in whole or in part. *See* 5 U.S.C. § 552(b)(l)-(9).

141. Disclosure of records responsive to the First FOIA Request would not cause foreseeable harm. *See* 5 U.S.C. § 552(a)(8)(A)(i).

142. EPA continues to violate FOIA by illegally withholding agency records that are responsive to the First FOIA Request, but which the EPA has not demonstrated are subject to any FOIA withholding provision; which, on information and belief, are not subject to any such provision; and, on information and belief, disclosure of which would not cause foreseeable harm. 5 U.S.C. § 552(a)(8)(A)(i).

143. NWEA is not required to exhaust any administrative remedies prior to bringing this claim or, alternatively, has constructively exhausted its administrative remedies.

144. Injunctive and declaratory relief is authorized and appropriate under 5 U.S.C. § 552(a)(4)(B) and 22 U.S.C. § 2201 because EPA's unlawful withholding of records responsive to the First FOIA Request causes injury to NWEA by denying and delaying its lawful access to those responsive records. NWEA will continue to suffer injury unless and until EPA produces all records responsive to the First FOIA Request that have been unlawfully withheld.

## CLAIMS PERTAINING TO THE SECOND FOIA REQUEST

### Sixth Claim for Relief

### Violation of the Freedom of Information Act: Failure to Make a Determination of Whether to Respond to the Second FOIA Request

145. NWEA realleges and incorporates herein each of the preceding paragraphs as if set forth in full.

146. The Second FOIA Request reasonably described the records sought by NWEA and complied with all applicable rules regarding the procedures to be followed in making such requests. 5 U.S.C. § 552(a)(3)(A).

147. None of EPA's prior communications with NWEA regarding the Second FOIA Request constitutes a valid "determination" whether to comply with that request within the meaning of 5 U.S.C. § 552(a)(6)(A) and *CREW*, 711 F.3d 180 (D.C. Cir. 2013).

148. EPA violated FOIA by failing to make a timely determination whether to comply with NWEA's Second FOIA Request. 5 U.S.C. § 552(a)(6)(A).

149. Because EPA did not make a timely determination whether to comply with NWEA's Second FOIA Request, NWEA was not required to exhaust any administrative remedies prior to pursuing its claims against EPA under FOIA, or has constructively exhausted its administrative remedies.

150. Alternatively, no administrative remedy is available to NWEA because EPA only allows administrative appeals of "adverse determinations" regarding

FOIA requests, and EPA has not made an adverse determination with respect to the Second FOIA Request. *See* 40 C.F.R. § 2.108(a), (f).

151. Injunctive and declaratory relief is authorized and appropriate under 5 U.S.C. § 552(a)(4)(B) and 22 U.S.C. § 2201 because EPA's continued failure to make a determination regarding the Second FOIA Request causes injury to NWEA by denying and delaying its lawful access to responsive records. NWEA will continue to suffer injury unless and until EPA makes a determination regarding the Second FOIA Request.

## Seventh Claim for Relief

### Violation of the Freedom of Information Act: Failure to Conduct Adequate Searches for Records Responsive to the Second FOIA Request

152. NWEA realleges and incorporates herein each of the preceding paragraphs as if set forth in full.

153. The Second FOIA Request reasonably described the records sought by NWEA and complied with all applicable rules regarding the procedures to be followed in making such requests. 5 U.S.C. § 552(a)(3)(A).

154. EPA has violated FOIA by failing to make reasonable efforts to search for electronic records responsive to the Second FOIA Request or otherwise undertake a search that is reasonably calculated to locate all records that are responsive to the Second FOIA Request. 5 U.S.C. § 552(a)(3)(C).

155. NWEA is not required to exhaust any administrative remedies prior to bringing this claim or, alternatively, has constructively exhausted its administrative remedies.

156. Injunctive and declaratory relief is authorized and appropriate under 5 U.S.C. § 552(a)(4)(B) and 22 U.S.C. § 2201 because EPA's continued failure to conduct and adequate search for records responsive to the Second FOIA Request causes injury to NWEA by denying it lawful access to those records. NWEA will continue to suffer injury unless and until EPA undertakes a reasonable search for records as FOIA requires.

## Eighth Claim for Relief

### Violation of the Freedom of Information Act: Failure to Promptly Disclose Records Responsive to the Second FOIA Request

157. NWEA realleges and incorporates herein each of the preceding paragraphs as if set forth in full.

158. The Second FOIA Request reasonably described the records sought by NWEA and complied with all applicable rules regarding the procedures to be followed in making such requests. 5 U.S.C. § 552(a)(3)(A).

159. EPA violated FOIA by failing to promptly release records in response to NWEA's Second FOIA Request, which reasonably described the records sought as detailed above. 5 U.S.C. § 552(a)(3)(A).

160. None of FOIA's statutory exemptions to disclosure apply to the records sought by NWEA in the Second FOIA Request.

161. NWEA is not required to exhaust any administrative remedies prior to bringing this claim or, alternatively, has constructively exhausted its administrative remedies.

162. Injunctive and declaratory relief is authorized and appropriate under 5 U.S.C. § 552(a)(4)(B) and 22 U.S.C. § 2201 because EPA's continued failure to promptly disclose records responsive to the Second FOIA Request causes injury to NWEA by denying it lawful access to those records. NWEA will continue to suffer injury unless and until EPA promptly discloses responsive records as FOIA requires.

## Ninth Claim for Relief

### Violation of the Freedom of Information Act: Failure to Complete Inter- or Intra-agency Consultation "with all practicable speed" regarding the Second FOIA Request

163. NWEA realleges and incorporates herein each of the preceding paragraphs as if set forth in full.

164. FOIA permits an agency to delay responding to a FOIA request by no more than 10 additional working days if, *inter alia*, it has a "need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii)(III).

165. EPA asserted a need to "consult with another agency having a substantial interest in the determination of" the Second FOIA Request—

specifically, the U.S. Department of Energy's ("DOE") Pacific Northwest National Laboratory ("PNNL")—on multiple occasions, including on June 11, 2026; November 4, 2024; November 20, 2024; January 15, 2025; July 16, 2025; and July 20, 2026.

166. In its most recent correspondence with NWEA regarding the Second FOIA Request, dated July 20, 2026, EPA stated that the "remaining records are subject to consultation with DOE and PNNL" and that EPA was "still working through" claims that some of the records contain confidential business information.

167. EPA has now been in receipt of the Second FOIA Request for over 28 months, and EPA's inter-agency consultation with DOE and PNNL has been ongoing for at least two years.

168. EPA has failed to complete its inter-agency consultation with DOE and PNNL regarding the Second FOIA Request "with all practicable speed" as FOIA requires. 5 U.S.C. § 552(a)(6)(B)(iii)(III).

169. NWEA is not required to exhaust any administrative remedies prior to bringing this claim or, alternatively, has constructively exhausted its administrative remedies.

170. Injunctive and declaratory relief is authorized and appropriate under 5 U.S.C. § 552(a)(4)(B) and 22 U.S.C. § 2201 because EPA's ongoing failure to complete its inter-agency consultation with DOE and PNNL regarding the Second FOIA Request "with all practicable speed" has deprived NWEA of its lawful right of access to records responsive to the Second FOIA Request. NWEA will continue to

suffer injury unless and until EPA promptly discloses those responsive records as FOIA requires.

## Tenth Claim for Relief

### Violation of the Freedom of Information Act: Unlawfully Withholding Agency Records Responsive to the Second FOIA Request that are Not Subject to a FOIA Exemption and/or Disclosure of Which Would Not Cause Foreseeable Harm

171. NWEA realleges and incorporates herein each of the preceding paragraphs as if set forth in full.

172. NWEA has a statutory right to the records it seeks via the Second FOIA Request, and there is no legal basis for EPA to assert that any of FOIA's nine disclosure exemptions apply to the records in whole or in part. *See* 5 U.S.C. § 552(b)(l)-(9).

173. Disclosure of records responsive to the Second FOIA Request would not cause foreseeable harm. *See* 5 U.S.C. § 552(a)(8)(A)(i).

174. EPA continues to violate FOIA by illegally withholding agency records that are responsive to the Second FOIA Request, but which the EPA has not demonstrated are subject to any FOIA withholding provision; which, on information and belief, are not subject to any such provision; and, on information and belief, disclosure of which would not cause foreseeable harm. 5 U.S.C. § 552(a)(8)(A)(i).

175. NWEA is not required to exhaust any administrative remedies prior to bringing this claim or, alternatively, has constructively exhausted its administrative remedies.

176. Injunctive and declaratory relief is authorized and appropriate under 5 U.S.C. § 552(a)(4)(B) and 22 U.S.C. § 2201 because EPA's unlawful withholding of records responsive to the Second FOIA Request causes injury to NWEA by denying and delaying its lawful access to those responsive records. NWEA will continue to suffer injury unless and until EPA produces all records responsive to the Second FOIA Request that have been unlawfully withheld.

## CLAIMS PERTAINING TO THE THIRD FOIA REQUEST

### Eleventh Claim for Relief

### Violation of the Freedom of Information Act: Failure to Make a Determination of Whether to Respond to the Third FOIA Request

177. NWEA realleges and incorporates herein each of the preceding paragraphs as if set forth in full.

178. The Third FOIA Request reasonably described the records sought by NWEA and complied with all applicable rules regarding the procedures to be followed in making such requests. 5 U.S.C. § 552(a)(3)(A).

179. None of EPA's prior communications with NWEA regarding the Third FOIA Request constitutes a valid "determination" whether to comply with that request within the meaning of 5 U.S.C. § 552(a)(6)(A) and *CREW*, 711 F.3d 180 (D.C. Cir. 2013).

180. EPA violated FOIA by failing to make a timely determination whether to comply with NWEA's Third FOIA Request. 5 U.S.C. § 552(a)(6)(A).

181. Because EPA did not make a timely determination whether to comply with NWEA's Third FOIA Request, NWEA was not required to exhaust any administrative remedies prior to pursuing its claims against EPA under FOIA, or alternatively has constructively exhausted its administrative remedies.

182. Injunctive and declaratory relief is authorized and appropriate under 5 U.S.C. § 552(a)(4)(B) and 22 U.S.C. § 2201 because EPA's continued failure to make a determination regarding the Third FOIA Request causes injury to NWEA by denying and delaying its lawful access to responsive records. NWEA will continue to suffer injury unless and until EPA makes a determination regarding the Third FOIA Request.

## Twelfth Claim for Relief

### Violation of the Freedom of Information Act: Failure to Conduct Adequate Searches for Records Responsive to the Third FOIA Request

183. NWEA realleges and incorporates herein each of the preceding paragraphs as if set forth in full.

184. The Third FOIA Request reasonably described the records sought by NWEA and complied with all applicable rules regarding the procedures to be followed in making such requests. 5 U.S.C. § 552(a)(3)(A).

185. EPA has violated FOIA by failing to make reasonable efforts to search for electronic records responsive to the Third FOIA Request or otherwise undertake a search that is reasonably calculated to locate all records that are responsive to the FOIA Request. 5 U.S.C. § 552(a)(3)(C).

186. NWEA is not required to exhaust any administrative remedies prior to bringing this claim, or alternatively has constructively exhausted its administrative remedies.

187. Injunctive and declaratory relief is authorized and appropriate under 5 U.S.C. § 552(a)(4)(B) and 22 U.S.C. § 2201 because EPA's continued failure to search for records responsive to the Third FOIA Request causes injury to NWEA by denying it lawful access to those responsive records. NWEA will continue to suffer injury unless and until EPA undertakes a reasonable search for records as FOIA requires.

**Thirteenth Claim for Relief**

**Violation of the Freedom of Information Act:**
**Failure to Promptly Disclose Records Responsive to the Third FOIA Request**

188. NWEA realleges and incorporates herein each of the preceding paragraphs as if set forth in full.

189. The Third FOIA Request reasonably described the records sought by NWEA and complied with all applicable rules regarding the procedures to be followed in making such requests. 5 U.S.C. § 552(a)(3)(A).

190. EPA violated FOIA by failing to promptly release records in response to NWEA's Third FOIA Request, which reasonably described the records sought as detailed above. 5 U.S.C. § 552(a)(3)(A).

191. None of FOIA's statutory exemptions to disclosure apply to the records sought by NWEA in the Third FOIA Request.

192. NWEA is not required to exhaust any administrative remedies prior to bringing this claim, or alternatively has constructively exhausted its administrative remedies.

193. Injunctive and declaratory relief is authorized and appropriate under 5 U.S.C. § 552(a)(4)(B) and 22 U.S.C. § 2201 because EPA's continued failure promptly disclose records responsive to the Third FOIA Request causes injury to NWEA by denying it lawful access to those records. NWEA will continue to suffer injury unless and until EPA promptly produces responsive records as FOIA requires.

## Fourteenth Claim for Relief

### Violation of the Freedom of Information Act: Failure to Complete Inter- or Intra-agency Consultation "with all practicable speed" regarding the Third FOIA Request

194. NWEA realleges and incorporates herein each of the preceding paragraphs as if set forth in full.

195. FOIA permits an agency to delay responding to a FOIA request by no more than 10 additional working days if, *inter alia*, it has a "need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii)(III).

196. EPA asserted a need to "to consult with another agency having a substantial interest in the determination of the request" and to "consult among two

or more components of the Agency having substantial subject-matter interest therein" regarding the Third FOIA Request—without specifying the other agency—on multiple occasions, including on December 2, 2024; October 10, 2025; and May 7, 2026.

197. In an email to NWEA dated May 21, 2026, EPA stated that certain records responsive to the Third FOIA Request "are out for consultation with other agencies" and that EPA "will release the remaining records as soon as [it] complete[s] consultation."

198. EPA has now been in receipt of the Third FOIA Request for nearly two years, and EPA's inter- and intra-agency consultations have been ongoing for at least 21 months.

199. EPA has failed to complete its inter-agency consultation with the unspecified other agency regarding the Third FOIA Request "with all practicable speed" as FOIA requires. 5 U.S.C. § 552(a)(6)(B)(iii)(III).

200. NWEA is not required to exhaust any administrative remedies prior to bringing this claim or, alternatively, has constructively exhausted its administrative remedies.

201. Injunctive and declaratory relief is authorized and appropriate under 5 U.S.C. § 552(a)(4)(B) and 22 U.S.C. § 2201 because EPA's ongoing failure to complete its inter- and intra-agency consultations regarding the Third FOIA Request "with all practicable speed" has deprived NWEA of its lawful right of access to records responsive to the Third FOIA Request. NWEA will continue to suffer

injury unless and until EPA promptly discloses those responsive records as FOIA requires.

## Fifteenth Claim for Relief

### Violation of the Freedom of Information Act: Unlawfully Withholding Agency Records Responsive to the Third FOIA Request that are Not Subject to a FOIA Exemption and/or Disclosure of Which Would Not Cause Foreseeable Harm

202. NWEA realleges and incorporates herein each of the preceding paragraphs as if set forth in full.

203. NWEA has a statutory right to the records it seeks via the Third FOIA Request, and there is no legal basis for EPA to assert that any of FOIA's nine disclosure exemptions apply to the records in whole or in part. *See* 5 U.S.C. § 552(b)(l)-(9).

204. Disclosure of records responsive to the Third FOIA Request would not cause foreseeable harm. *See* 5 U.S.C. § 552(a)(8)(A)(i).

205. EPA continues to violate FOIA by illegally withholding agency records that are responsive to the Third FOIA Request, but which the EPA has not demonstrated are subject to any FOIA withholding provision; which, on information and belief, are not subject to any such provision; and, on information and belief, disclosure of which would not cause foreseeable harm. 5 U.S.C. § 552(a)(8)(A)(i).

206. NWEA is not required to exhaust any administrative remedies prior to bringing this claim or, alternatively, has constructively exhausted its administrative remedies.

207. Injunctive and declaratory relief is authorized and appropriate under 5 U.S.C. § 552(a)(4)(B) and 22 U.S.C. § 2201 because EPA's unlawful withholding of records responsive to the Third FOIA Request causes injury to NWEA by denying and delaying its lawful access to those responsive records. NWEA will continue to suffer injury unless and until EPA produces all records responsive to the Third FOIA Request that have been unlawfully withheld.

## CLAIMS PERTAINING TO THE FOURTH FOIA REQUEST

### Sixteenth Claim for Relief

### Violation of the Freedom of Information Act: Failure to Make a Determination of Whether to Respond to the Fourth FOIA Request

208. NWEA realleges and incorporates herein each of the preceding paragraphs as if set forth in full.

209. The Fourth FOIA Request (as clarified by NWEA's email to EPA dated January 20, 2026) reasonably described the records sought by NWEA and complied with all applicable rules regarding the procedures to be followed in making such requests. 5 U.S.C. § 552(a)(3)(A).

210. None of EPA's prior communications with NWEA regarding the Fourth FOIA Request constitutes a valid "determination" whether to comply with that request within the meaning of 5 U.S.C. § 552(a)(6)(A) and *CREW*, 711 F.3d 180 (D.C. Cir. 2013).

211. EPA violated FOIA by failing to make a timely determination whether to comply with NWEA's Fourth FOIA Request. 5 U.S.C. § 552(a)(6)(A).

212. Because EPA did not make a timely determination whether to comply with NWEA's Fourth FOIA Request, NWEA was not required to exhaust any administrative remedies prior to pursuing its claims against EPA under FOIA, or has constructively exhausted its administrative remedies.

213. Injunctive and declaratory relief is authorized and appropriate under 5 U.S.C. § 552(a)(4)(B) and 22 U.S.C. § 2201 because EPA's continued failure to make a determination regarding the Fourth FOIA Request causes injury to NWEA by denying and delaying its lawful access to responsive records. NWEA will continue to suffer injury unless and until EPA makes a determination regarding the Fourth FOIA Request.

## Seventeenth Claim for Relief

### Violation of the Freedom of Information Act: Failure to Conduct Adequate Searches for Records Responsive to the Fourth FOIA Request

214. NWEA realleges and incorporates herein each of the preceding paragraphs as if set forth in full.

215. The Fourth FOIA Request reasonably described the records sought by NWEA and complied with all applicable rules regarding the procedures to be followed in making such requests. 5 U.S.C. § 552(a)(3)(A).

216. EPA has violated FOIA by failing to make reasonable efforts to search for electronic records responsive to the Fourth FOIA Request or otherwise undertake a search that is reasonably calculated to locate all records that are responsive to the Fourth FOIA Request. 5 U.S.C. § 552(a)(3)(C).

217. NWEA is not required to exhaust any administrative remedies prior to bringing this claim, or alternatively has constructively exhausted its administrative remedies.

218. Injunctive and declaratory relief is authorized and appropriate under 5 U.S.C. § 552(a)(4)(B) and 22 U.S.C. § 2201 because EPA's continued failure to search for records responsive to the Fourth FOIA Request causes injury to NWEA by denying it lawful access to those records. NWEA will continue to suffer injury unless and until EPA undertakes a reasonable search for records as FOIA requires.

## Eighteenth Claim for Relief

### Violation of the Freedom of Information Act: Failure to Promptly Disclose Records Responsive to the Fourth FOIA Request

219. NWEA realleges and incorporates herein each of the preceding paragraphs as if set forth in full.

220. The Fourth FOIA Request reasonably described the records sought by NWEA and complied with all applicable rules regarding the procedures to be followed in making such requests. 5 U.S.C. § 552(a)(3)(A).

221. EPA violated FOIA by failing to promptly release records in response to NWEA's Fourth FOIA Request, which reasonably described the records sought as detailed above. 5 U.S.C. § 552(a)(3)(A).

222. None of FOIA's statutory exemptions to disclosure apply to the records sought by NWEA in the Fourth FOIA Request.

223. NWEA is not required to exhaust any administrative remedies prior to bringing this claim, or alternatively has constructively exhausted its administrative remedies.

224. Injunctive and declaratory relief is authorized and appropriate under 5 U.S.C. § 552(a)(4)(B) and 22 U.S.C. § 2201 because EPA's continued failure to promptly disclose records responsive to the Fourth FOIA Request causes injury to NWEA by denying it lawful access to those records. NWEA will continue to suffer injury unless and until EPA undertakes a reasonable search for records as FOIA requires.

## Nineteenth Claim for Relief

### Violation of the Freedom of Information Act: Failure to Complete Inter- or Intra-agency Consultation "with all practicable speed" regarding the Fourth FOIA Request

225. NWEA realleges and incorporates herein each of the preceding paragraphs as if set forth in full.

226. FOIA permits an agency to delay responding to a FOIA request by no more than 10 additional working days if, *inter alia*, it has a "need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." 5 U.S.C. § 552(a)(6)(B)(iii)(III).

227. EPA asserted a need to "to consult with another agency having a substantial interest in the determination of the request" and to "consult among two

or more components of the Agency having substantial subject-matter interest therein" regarding the Fourth FOIA Request on December 5, 2025.

228. In an email to NWEA dated December 5, 2025, EPA stated that it was "work[ing] with NOAA to develop a coordinated reply to [NWEA's] April 16, 2025 response to EPA's March 18, 2025 email message regarding" the Fourth FOIA Request. EPA copied two NOAA staff on the December 5, 2025 email.

229. EPA has now been in receipt of the Fourth FOIA Request for eighteen months, and EPA's inter- and intra-agency consultations have been ongoing for at seventeen months.

230. EPA has failed to complete its inter-agency consultation with NOAA regarding the Fourth FOIA Request "with all practicable speed" as FOIA requires. 5 U.S.C. § 552(a)(6)(B)(iii)(III).

231. NWEA is not required to exhaust any administrative remedies prior to bringing this claim or, alternatively, has constructively exhausted its administrative remedies.

232. Injunctive and declaratory relief is authorized and appropriate under 5 U.S.C. § 552(a)(4)(B) and 22 U.S.C. § 2201 because EPA's ongoing failure to complete its inter- and intra-agency consultations regarding the Fourth FOIA Request "with all practicable speed" has deprived NWEA of its lawful right of access to records responsive to the Fourth FOIA Request. NWEA will continue to suffer injury unless and until EPA promptly discloses those responsive records as FOIA requires.

## Twentieth Claim for Relief

### Violation of the Freedom of Information Act: Unlawfully Withholding Agency Records Responsive to the Fourth FOIA Request that are Not Subject to a FOIA Exemption and/or Disclosure of Which Would Not Cause Foreseeable Harm

233. NWEA realleges and incorporates herein each of the preceding paragraphs as if set forth in full.

234. NWEA has a statutory right to the records it seeks via the Fourth FOIA Request, and there is no legal basis for EPA to assert that any of FOIA's nine disclosure exemptions apply to the records in whole or in part. *See* 5 U.S.C. § 552(b)(l)-(9).

235. Disclosure of records responsive to the Fourth FOIA Request would not cause foreseeable harm. *See* 5 U.S.C. § 552(a)(8)(A)(i).

236. EPA continues to violate FOIA by illegally withholding agency records that are responsive to the Fourth FOIA Request, but which the EPA has not demonstrated are subject to any FOIA withholding provision; which, on information and belief, are not subject to any such provision; and, on information and belief, disclosure of which would not cause foreseeable harm. 5 U.S.C. § 552(a)(8)(A)(i).

237. NWEA is not required to exhaust any administrative remedies prior to bringing this claim or, alternatively, has constructively exhausted its administrative remedies.

238. Injunctive and declaratory relief is authorized and appropriate under 5 U.S.C. § 552(a)(4)(B) and 22 U.S.C. § 2201 because EPA's unlawful withholding of records responsive to the Fourth FOIA Request causes injury to NWEA by denying

and delaying its lawful access to those responsive records. NWEA will continue to suffer injury unless and until EPA produces all records responsive to the Fourth FOIA Request that have been unlawfully withheld.

**CLAIM ENCOMPASSING ALL FOUR FOIA REQUESTS**

**<u>Twenty-first Claim for Relief</u>**

**Pattern and Practice of Violating the Freedom of Information Act**

239. NWEA realleges and incorporates herein each of the preceding paragraphs as if set forth in full.

240. As shown by the allegations above and by facts yet to be discovered, EPA's failures to make timely determinations whether to comply with NWEA's First, Second, Third, and Fourth FOIA Requests (among others) as required by 5 U.S.C. § 552(a)(6)(A) are not merely isolated incidents but rather are part of EPA's pattern and practice of violating FOIA.

241. As shown by the allegations above and by facts yet to be discovered, EPA's failures to conduct an adequate search for records responsive to NWEA's First, Second, Third, and Fourth FOIA Requests (among others) as required by 5 U.S.C. § 552(a)(3)(C) are not merely isolated incidents but rather are part of EPA's pattern and practice of violating FOIA.

242. As shown by the allegations above and by facts yet to be discovered, EPA's failures to promptly disclosed records responsive to NWEA's First, Second, Third, and Fourth FOIA Requests (among others) as required by 5 U.S.C. §

552(a)(3)(A) are not merely isolated incidents but rather are part of EPA's pattern and practice of violating FOIA.

243. As shown by the allegations above and by facts yet to be discovered, EPA's failures to complete its inter- and intra-agency consultations regarding NWEA's First, Second, Third, and Fourth FOIA Requests (among others) "with all practicable speed" as required by 5 U.S.C. § 552(a)(6)(B)(iii)(III) are not merely isolated incidents but rather are part of EPA's pattern and practice of violating FOIA.

244. As shown by the allegations above and by facts yet to be discovered, EPA's unlawful withholdings of records responsive to NWEA's First, Second, Third, and Fourth FOIA Requests (among others) that are not subject to a FOIA exemption and/or disclosure of which would not cause foreseeable harm are not merely isolated incidents but rather are part of EPA's pattern and practice of violating FOIA.

245. As shown by the allegations above and by facts yet to be discovered, EPA's repeated invocations of its "unusual circumstances" regulation at 40 C.F.R. § 2.104(f) and its repeating of generic, non-specific, boilerplate factual assertions as grounds for delaying its response to NWEA's First, Second, Third, and Fourth FOIA Requests (among others) are not merely isolated incidents but rather are part of EPA's pattern and practice of violating FOIA.

246. NWEA has been harmed by EPA's pattern, practice, and policy of violating FOIA. For example, as alleged above, NWEA has been repeatedly denied

its lawful right of access to records responsive to various FOIA requests to EPA, including the First, Second, Third, and Fourth FOIA Requests.

247. EPA's pattern and practice of violating FOIA impairs or precludes NWEA's ability to lawfully or timely obtain records that it would use in furtherance of its advocacy efforts. This in turn precludes NWEA from meaningfully engaging in administrative or judicial actions such as commenting upon permits, approvals, or other decisions proposed or made by EPA and for which a statutory or EPA-imposed deadline for public participation may apply.

248. Because NWEA frequently uses FOIA to lawfully obtain records from EPA, and intends to continue doing so in the future, NWEA has a likelihood of future harm by EPA's pattern and practice of violating FOIA.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff NWEA respectfully requests that judgment be entered in its favor against Defendant U.S. Environmental Protection Agency, and that the Court grant it the following relief:

(A) Declare that EPA's failure to make a final determination regarding, and its failure to adequately search for and promptly disclose records responsive to, NWEA's First, Second, Third, and Fourth FOIA Requests violates FOIA;

(B) Declare that EPA's failure to complete its inter- and intra-agency consultations regarding the First, Second, Third, and Fourth FOIA Requests "with all practicable speed" violates FOIA;

(C) Declare that EPA's unlawful and improper withholding of records that are responsive to NWEA's First, Second, Third, and Fourth FOIA Requests and that are not subject to a FOIA exemption and/or the disclosure of which would not cause foreseeable harm violates FOIA;

(D) Declare that EPA has engaged in a pattern or practice of violating FOIA;

(E) Permanently enjoin EPA from withholding any or all records responsive to the NWEA's First, Second, Third, or Fourt FOIA Requests;

(F) Permanently enjoin EPA from continuing its pattern and practice of violating FOIA;

(G) Order EPA to promptly make a determination whether or not to comply with NWEA's First, Second, Third, and Fourth FOIA Requests; promptly undertake a reasonable search for records responsive to those requests; promptly conclude its inter- and intra-agency consultations regarding those requests; and promptly provide NWEA with all non-exempt public records responsive to those requests;

(H) Award NWEA its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

(I) Grant such other relief as the Court may deem just and proper.

Dated September 21, 2026.

*s/ James N. Saul*
James N. Saul (OSB No. 152809)
Wild & Scenic Law Center
3519 NE 15th Ave., #207
Portland, OR 97212
(503) 342-2839
jamie@wildandsceniclaw.org

*Counsel for plaintiff Northwest Environmental Advocates*